RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/28/16
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| BENJAMIN TURNER, et al. | CIVIL ACTION NO. 1:13-CV-02864 |
| VERSUS | CHIEF JUDGE DRELL |
| KNIGHT TRANSPORTATION, INC., et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Plaintiffs Benjamin and Gwendolyn Turner filed a motion in limine to exclude "unauthenticated surveillance photographs, pictures, video or film" taken by Marshall Investigation Group (hereinafter referred to as the "Marshall video") (Doc. 74). Plaintiffs contend the Marshall video is inadmissible because the Marshall Investigation Group did not produce a private investigator's license, and the video consists of unexplained, unauthenticated, and unsteady "snippets and scraps" of an attempted surveillance investigation conducted on August 12, 2013.

Plaintiffs did not attach the Marshall video to their motion, and Defendants have not filed a response to the motion.[1] It is not yet known whether the Marshall video would be offered as substantive evidence or as impeachment evidence.

A party seeking to admit an item into evidence—whether a document, weapon, photograph, audio or video recording, or other item—must first establish the item's genuineness. See Fed.R.Evid. 901. This requires the proponent to "produce evidence

---

[1] Although Defendants have not yet responded to the motion in limine, Defendants will not be prejudiced by this ruling since Plaintiffs' motion will be denied. Defendants may make any further arguments on the issue to the District Judge.

sufficient to support a finding that the item is what the proponent claims it is." Id. Of course it must also be relevant to an issue at trial. See Fed.R.Evid. 401, 402. The admitting party's burden of making a prima facie showing that the item is genuine can be satisfied in several ways, including through the testimony of a witness with knowledge or evidence showing that a process or system produces accurate results. See Fed.R.Evid. 901. See United States v. Cejas, 761 F.3d 717, 723-24 (7th Cir. 2014) (citing United States v. Fluker, 698 F.3d 988, 999 (7th Cir. 2012)). For video recordings, like tape recordings, the proponent should also show that the camera functioned properly, the operator was competent in operating the equipment, and the recording fairly and accurately represented the scene depicted. See Cejas, 761 F.3d at 723-24 (a witness confirmed the pole camera was monitored throughout the investigation and was consistently producing accurate results).

Authenticity can be established by testimony regarding camera use, quality, and reliability. See Beck v. Jet Equipment & Tools, Inc., 2001 WL 515243, *2 (E.D.La. 2001). See also United States v. Rembert, 863 F.2d 1023, 1026 (D.C.Cir. 1988). Only a prima facie showing of genuineness is required. The task of deciding the evidence's true authenticity and probative value is left to the jury. See Fluker, 698 F.3d at 999. Unintelligible parts of a recording affect the weight given to the evidence by the fact-finder rather than its admissibility, unless the unintelligible portions are so substantial as to render the entire recording untrustworthy. United States v. Larkins, 83 F.3d 162, 167-168 (7th Cir. 1996).

As a general rule, "[t]aped recordings are admissible unless the incomprehensible portions of the tapes are so substantial as to render the recordings as a whole untrustworthy." See United States v. Segines, 17 F.3d 847, 854 (6th Cir. 1994) (citing United States v. West, 948 F.2d 1042, 1044 (6th Cir. 1991)); see also United States v. Robinson, 763 F.2d 778, 781 (6th Cir. 1985). The decision to admit videos, including a composite tape, is within the sound discretion of the trial judge. A composite video is admissible, assuming that it clears the intelligibility hurdle, when it saves the trial court "much time and inconvenience" and when the party offering it has laid the proper foundation on the accuracy and authenticity of the composite tape for its admission into evidence and has complied with the requirements of Federal Rule of Evidence 1006. See Segines, 17 F.3d 847, 854 (citing United States v. Denton, 556 F.2d 811, 816 (6th Cir. 1977)). See also Dearman v. Transocean Offshore Deepwater Drilling, Inc., 2012 WL 441167, *2 (E.D. La. 2012).

Plaintiffs argue that the Marshall video is heavily edited, unclear, unfocused, unsteady, and that a substantial number of the video snippets are irrelevant because they depict only the Plaintiffs' son (Doc. 74). Plaintiffs further contend the video was apparently produced by an unlicensed and unqualified private investigator.

Plaintiffs have not given any reason to believe the video was *improperly* altered in any way, or that events were not accurately recorded as they unfolded. Defendants will have to lay a foundation for admissibility of the Marshall video at trial, but a foundation need not be laid prior to trial. To the extent that Plaintiffs allege that portions of the video are irrelevant because neither of the Plaintiffs are in it, that fact

will go to the weight given to the evidence by the trier-of-fact. The allegation that the video appears to be edited will also go to the weight of the evidence. Plaintiffs may argue the video should be given less weight because of any alleged edits. Plaintiffs may also seek to admit the edited portions into evidence.

Plaintiffs have not attached the disputed video to their motion, so it is impossible for the undersigned to make a determination as to the extent of any unintelligible portions. However, Plaintiffs appear to argue primarily that the video is heavily edited and partially irrelevant, and have not argued that most of the video is unintelligible. Since all of those factors affect the weight given to the video by the fact-finder rather than its admissibility, Plaintiffs' motion in limine (Doc. 74) is **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this order have fourteen (14) days from service of this Memorandum Order to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ***SEVEN (7) days*** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions that are reflected in this Memorandum Order within**

SEVEN (7) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28 day of March 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge